IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BAC LOCAL UNION 15 WELFARE FUND, et al.,**

      **Plaintiffs,**

      v.

**MCGILL RESTORATION, INC.,**

      **Defendant.**

Case No. 16-2082-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiffs bring this action on behalf of the BAC Local Union 15 Welfare Fund ("Fund") under the Employee Retirement Income Security Act ("ERISA"), claiming that Defendant McGill Restoration, Inc. owes the Fund unpaid fringe benefit contributions, liquidated damages, interest, and attorneys' fees under 29 U.S.C. §§ 1145 and 1132(g)(2). Defendant asserts two counterclaims: (1) attorneys' fees, costs, and expenses; and (2) refund of contributions; restitution; unjust enrichment. Before the Court is Plaintiffs' Motion to Dismiss Defendant's Counterclaims (Doc. 12). In their motion, Plaintiffs challenge the jurisdictional basis for Defendant's counterclaims, and argue that there is no right of action under either ERISA or the federal common law for the counterclaims. The motion is fully briefed, and the Court is prepared to rule. As described more fully below, Plaintiffs' motion to dismiss is granted in part and denied in part.[1]

---

[1] Also pending is Defendant's Motion for Leave to File an Amended Answer and Counterclaim Based on Newly Discovered Evidence (Doc. 47). The Court has reviewed that motion and determines that it does not impact the analysis on this motion to dismiss. Defendant's proposed Amended Complaint asserts new facts in support of the same claims alleged in the original Complaint. Because Plaintiffs' motion to dismiss challenges the legal basis for asserting these claims, and not necessarily whether there are sufficient facts to state a plausible claim, the Court does not rule on that motion in this Memorandum and Order. The motion for leave to amend will be decided in a separate order and is referred to Magistrate Judge Teresa J. James for disposition.

**I.     Standards**

To the extent Plaintiffs' motion seeks dismissal for lack of subject matter jurisdiction, it is governed by Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[2] A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[3] The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[4] Mere conclusory allegations of jurisdiction are not enough.[5]

Generally, a Rule 12(b)(1) motion takes one of two forms: a facial attack or a factual attack. "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[6] "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[7]

---

[2] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1." (citations omitted)).

[3] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[4] *Montoya*, 296 F.3d at 955.

[5] *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[6] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citation omitted).

[7] *Id.* at 1003 (citation omitted).

To state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[8] Under the "plausibility" standard that guides this Court, a complaint must contain sufficient factual allegations to give fair notice to Defendant of the grounds of the claim against them.[9] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[10] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[11] Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[12]

### III. Discussion

Defendant alleges facts in the Answer in support of two counterclaims: (1) attorneys' fees, costs, and expenses, and (2) refund or reinstatement of contributions or restitution. In sum, Defendant challenges the succession of the BAC Local 15 Training Fund and the 2014 audit process. Defendant alleges that it made contributions to the fund based on a good faith mistake of fact, and is therefore entitled to restitution of those overpayments. It maintains that it is entitled to a discretionary award of attorneys' fees under ERISA.

---

[8] Fed. R. Civ. P. 8(a)(2).

[9] *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] *Kan. Penn Gaming, L.L.C. v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[12] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

### A. Jurisdiction

Plaintiffs first argue that Defendant does not sufficiently allege subject matter jurisdiction for the counterclaims. It argues that neither 28 U.S.C. § 1331 nor 29 U.S.C. § 1132 provide a basis for the Court's jurisdiction. But Plaintiffs appears to conflate two issues: whether this Court has subject matter jurisdiction over the counterclaims, and whether there is a statutory basis for the counterclaims. The Court easily finds subject matter jurisdiction over Defendant's counterclaims. Although it is true that § 1331 does not provide Defendant with an independent cause of action, it does provide that this Court has jurisdiction over cases that arise under federal law. Defendant asserts a claim under ERISA—a federal statute—and under the federal common law.[13] Therefore, this Court exercises federal question jurisdiction. The Court addresses below the crux of Plaintiffs' argument—that there is no statutory basis for the causes of action asserted in Defendants' counterclaims.

### B. Attorneys' Fees, Costs, and Expenses

In Claim I, Defendant contends that the facts alleged in the Answer give rise to an award of attorneys' fees, costs, and other reasonable expenses incurred in defense of this action because it "has been and will continue to be damaged by the actions of the Plaintiffs and their counsel."[14] Plaintiffs move to dismiss on the grounds that an employer has no independent claim for attorneys' fees under 29 U.S.C. § 1132(g)(1).

Section 1132(g) contains two different attorney fee provisions. Section 1132(g)(1) states: "In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's

---

[13]*See, e.g.*, *Provident Life & Acc. Ins. Co. v. Waller*, 906 F.2d 985, 989 (4th Cir. 1990) (holding that ERISA actions governed by federal common law "arise under" federal law pursuant to § 1331).

[14]Doc. 8 ¶ 62.

4

fee and costs of action to either party." Section 1132(g)(2) contains a mandatory fee provision: "In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant."[15]

The Court finds that this is the rare occasion where both parties are correct. The Court agrees with Defendant's interpretation, based on a plain reading of the statute, that a defendant can recover fees under subsection (g)(1) unless subsection (g)(2) applies.[16] Therefore, if judgment is not entered in favor of the plan, the Court may award either party attorney fees in its discretion. However, the Court agrees with Plaintiff that potential entitlement to attorneys' fees under the statute does not translate into an independent cause of action. Instead, the proper mechanism for obtaining an award of attorneys' fees is to file a post-judgment motion under Fed. R. Civ. P. 54 if judgment is not entered in favor of the plan. Many of Defendant's arguments in favor of its attorney fee claim go to whether it would be entitled to a discretionary award. This issue is premature, and it should be addressed after a postjudgment motion for attorneys' fees is filed and briefed. Therefore, while the Court grants Plaintiffs' motion to dismiss Defendant's first counterclaim, its prayer for relief that includes a request for attorneys' fees, costs, and expenses is entirely appropriate.

### C. Return of Contributions Claim

In Claim II, Defendant asserts that it is entitled to restitution for overpayment to the Fund under 29 U.S.C. § 1103(c) and the federal common law. Plaintiffs move to dismiss this counterclaim on the basis that (1) § 1103 does not provide a cause of action to obtain a refund of

---

[15] 29 U.S.C. § 1132(g)(2)(D).

[16] *See United Auto. Workers Local 259 Pension Fund v. Platinum Volkswagen, LLC*, No. 14-5803, 2016 WL 816756, at *2–3 (D.N.J. Feb. 29, 2016); *Boland v. Thermal Specialties, Inc.*, 966 F. Supp. 2d 8, 11 (D.D.C. 2013). In both of these cases, the issue arose in the context of a postjudgment motion for attorneys' fees.

contributions; and (2) to the extent Defendant asserts a common law claim, it must be dismissed for failure to administratively exhaust.

Section 1103(c)(2)(A) provides that where an employer contribution or payment is made

> to a multiemployer plan by a mistake of fact or law (other than a mistake relating to whether the plan is described in section 401(a) of Title 26 or the trust which is part of such plan is exempt from taxation under section 501(a) of Title 26), paragraph (1) shall not prohibit the return of such contribution or payment to the employer within 6 months after the plan administrator determines that the contribution was made by such a mistake.

Plaintiffs argue that giving discretion to the plan to return contribution does not create a private right of action for a return of contributions paid under a mistake of law or fact. It appears settled that ERISA does not provide an employer with a private right of action,[17] and Defendant does not contest this argument in its response brief.

Instead, Defendant bases its claim on the federal common law, which many circuits have held provides employers with an "action for restitution of mistakenly made payments to an ERISA plan."[18] The Tenth Circuit has not explicitly ruled on this question, although it has recognized the application of federal common law to ERISA disputes.[19] In *Resolution Trust Corp. v. Financial Institutions Retirement Fund*, the court reversed the district court's determination that the federal common law provides a remedy for employers to recover

---

[17] *See Dime Coal Co. v. Combs*, 796 F.2d 394, 399 (11th Cir. 1986); *Provident Life & Acc. Ins. Co. v. Waller*, 906 F.2d 985, 987 (4th Cir. 1990); *Jamail, Inc. v. Carpenters Dist. Council of Houston Pension & Welfare Trusts*, 954 F.2d 299, 302–03 (5th Cir. 1992); *cf. Peckham v. Bd. of Trustees of Int'l Bhd. Of Painters & Allied Trades Union & Ind. Nat'l Pension Fund*, 724 F.2d 100, 100 (10th Cir. 1983) (clarifying on rehearing that it does not and need not decide whether an employer can bring an action to force the return of contributions because the plaintiffs were participants).

[18] *Girl Scouts of Middle Tenn., Inc. v. Girl Scouts of the U.S.A.*, 770 F.3d 414, 423 (6th Cir. 2014) (characterizing Sixth Circuit's recognition of common law right as limited by the terms of § 1103(c)(2)(A)); *Young Am., Inc. v. Union Cent. Life Ins. Co.*, 101 F.3d 546, 548 (8th Cir. 1996); *UIU Severance Pay Trust Fund v. Local Union No. 18-U, United Steelworkers of Am.*, 998 F.2d 509, 512 (7th Cir. 1993); *Plucinski v. I.A.M. Nat'l Pension Fund*, 875 F.2d 1052, 1057–58 (3d Cir. 1989); *State St. Bank & Trust Co. v. Denman Tire Corp.*, 240 F.3d 83, 89 (1st Cir. 2001); *Jamail*, 954 F.2d at 304–05.

[19] *See Resolution Trust Corp. v. Fin. Insts. Ret. Fund*, 71 F.3d 1553, 1556 (10th Cir. 1995).

contributions beyond what is specifically permitted by § 1103(c)(2)(A).[20]  The employer in *Resolution Trust* sought to recapture contributions based on an actuarial surplus, rather than mistaken contributions, and the Court declined to find that the federal common law permitted a right of action under this scenario.[21]

Here, Plaintiffs argue that an employer has no private right of action to obtain restitution if it mistakenly overpaid contributions, but all of the authority on this point relate to claims under § 1103.  In the absence of clear Tenth Circuit precedent, this Court follows the majority of other circuit courts that have held such a claim exists under the federal common law, as limited by the terms of § 1103.[22]

Plaintiffs' final argument is that if a claim exists under the federal common law, it requires administrative exhaustion, which was not accomplished in this case.  Plaintiffs argue that Defendant was required to first request a return of the contributions from the Plaintiff Fund before filing its counterclaim and suggests this is an absolute requirement, citing no authority.  Defendant does not deny that it failed to administratively exhaust, but argues that the exhaustion requirement is excused where, as here, it would be futile.  It is true that § 1103 provides that a plan may return a contribution made based on a mistake of fact or law, "within 6 months after the plan administrator determines that the contribution was made by such a mistake."[23]  But the application of the administrative remedies doctrine is left to the discretion of the district court.[24]

---

[20]*Id.*

[21]*Id.*

[22]*Accord Cent. States, Se. & Sw. Areas Pension Fund v. Howard Baer, Inc.*, 753 F. Supp. 241, 244–45 (D. Colo. 1991).

[23] 29 U.S.C. § 1103(c)(2)(A).

[24]*Howard Baer, Inc.*, 753 F. Supp. at 244–45.

And "a claimant need not exhaust such remedies if pursuit would be futile."[25]  The Court agrees that requiring administrative exhaustion under the circumstances of this case would be futile. Plaintiffs brought this suit claiming that Defendant owes money to the Fund; the plan administrator has obviously determined that a refund for overpayment is not warranted.  The Court exercises its discretion and finds that Defendant was not required to administratively exhaust its claim under these circumstances.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Dismiss Defendant's Counterclaims (Doc. 12) is granted in part and denied in part.  The motion is granted as to Claim I and denied as to Claim II.

**IT IS SO ORDERED.**

Dated: November 23, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[25]*Id.* (citing *Carter v., Signode Indus., Inc.*, 688 F. Supp. 1283, 1286 (N.D. Ill. 1988)).