UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BAC LOCAL UNION 15 WELFARE )
FUND, et al., )
 )
                Plaintiffs, )
 )
v. )   Case No. 16-cv-2082-JAR-TJJ
 )
McGILL RESTORATION, INC., )
 )
                Defendant. )

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant McGill Restoration, Inc.'s Motion for Leave to File an Amended Answer and Counterclaim (ECF No. 47). Defendant requests an order under Fed. R. Civ. P. 15 granting it leave to file its proposed Amended Answer and Counterclaim, which adds numerous new factual allegations in support of its affirmative and other defenses and return-of-contributions counterclaim. Defendant claims its untimely request to amend its answer is based upon subpoenaed documents recently produced by one of the auditing firms that reviewed Defendant's payroll and business records. Plaintiffs oppose the motion on grounds it is untimely, makes spurious allegations against Plaintiffs and other entities not parties to this action, and seeks to add many allegations that are immaterial and would be subject to being stricken under Fed. R. Civ. P. 12(f). For the reasons discussed below, the motion is granted.

**I.      FACTUAL BACKGROUND**

Plaintiffs bring this action on behalf of the BAC Local Union 15 Welfare Fund ("Fund") under the Employee Retirement Income Security Act ("ERISA"). Plaintiffs claim that Defendant employs bricklayers for whom it owes the Fund unpaid fringe benefit contributions, liquidated

damages, interest, and attorneys' fees under 29 U.S.C. §§ 1145 and 1132(g)(2). In its original Answer and Counterclaims (ECF No. 8), Defendant alleged, in part, that a portion of the timeframe for which the Plaintiffs seek contributions had already been audited in 2013 and closed, and thus no contributions could be due for that timeframe. Defendant also asserted eleven affirmative and other defenses, as well as two counterclaims:  Claim I for attorneys' fees, costs, and expenses; and (2) Claim II for refund of contributions; restitution; and unjust enrichment. Plaintiffs responded by filing a motion to dismiss Defendant's counterclaims.[1]

The Court held a scheduling conference on April 14, 2016 and thereafter entered a Scheduling Order, which set a June 10, 2016 deadline for filing motions for leave to amend or to join additional parties.[2]

On May 4, 2016, Defendant provided notice to Plaintiffs that it planned to issue subpoenas to the two firms that performed audits of Defendant's payroll and business records, DeBoer & Associates (the "Omaha Auditors") and Construction Benefits Audit Corporation.

On May 16, 2016, Defendant issued a subpoena to the Omaha Auditors to secure records from their 2013 audit. Counsel for Plaintiffs sent a letter dated June 2, 2016 regarding the subpoena, which stated that the parties had agreed the Omaha Auditors would make available its audit file and other responsive documents for Plaintiffs' inspection prior to production to

---

[1] Plaintiffs' Motion to Dismiss Counterclaims was recently granted in part and denied in part. By Memorandum and Order dated November 23, 2016 (ECF No. 57), District Judge Robinson granted the motion to dismiss Defendant's Claim I for attorneys' fees, costs, and expenses, which the Court found to be premature, but denied the motion to dismiss Defendant's Claim II for refund or reinstatement of contributions or restitution.

[2] Apr. 22, 2016 Scheduling Order, ECF No. 20.

Defendant. The letter further indicated that Defendant would re-issue the subpoena to the Omaha Auditors with a new production date at a later date.

During this time, Plaintiffs' counsel and Defendant's counsel had several meet-and-confer telephone conferences regarding the other subpoenas issued and the discovery requests Defendant served upon Plaintiffs. While these discovery disputes were still pending, on July 25, 2016, the Omaha Auditors issued a new audit report to Defendant. As a result of this new development, Defendant reissued the subpoena upon the Omaha Auditors on August 19, 2016. Defendant received the subpoenaed documents from the Omaha Auditors on September 20, 2016.

Defendant filed its motion for leave to amend its answer on October 5, 2016. The proposed amended answer includes numerous new factual allegations centering on the new audit report issued by the Omaha Auditors in July 2016. Highly summarized, the proposed amendment asserts that the Omaha Auditors' July 2016 audit report differed dramatically from an earlier audit due to collusion by and among Plaintiffs and the auditors, and the new audit report was inaccurate and improper. Defendant relies upon these additional alleged facts to add new defenses and to bolster the defenses and its return-of-contributions counterclaim asserted in its original answer.

## II.   STANDARD FOR MOTION FOR LEAVE TO AMEND PLEADINGS FILED AFTER THE SCHEDULING ORDER DEADLINE

Federal Rule of Civil Procedure 15 governs amendments to pleadings before trial generally.[3]  Rule 15(a)(2) provides that once the deadline for amendment as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the

---

[3] Fed. R. Civ. P. 15(a).

court's leave."  If a party is seeking leave to amend the pleadings after the scheduling order deadline, that party must demonstrate both good cause for seeking modification under Rule 16(b)(4), as well as satisfaction of the Rule 15(a) standard.[4]

Under Federal Rule of Civil Procedure 16(b)(4), a schedule set out in the scheduling order, including a deadline for filing motions to amend the pleadings, "may be modified only for good cause."[5] The Tenth Circuit has instructed that the Rule 16(b)(4) good cause standard requires a movant to show that scheduling deadlines cannot be met despite the movant's diligent efforts.[6] Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed.[7] However, if the plaintiff knew of the underlying conduct but simply failed to raise the claims, this does not establish good cause.[8] "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[9]

The Rule 16(b) good cause standard is much different than the more lenient standard

---

[4] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240–41 (10th Cir. 2014) ("We now hold that parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so.").

[5] The Court notes that District of Kansas Local Rule 6.1(a) requires that motions for extensions of time filed after the specified time has expired require a showing of "excusable neglect." The Court here, however, will apply the Rule 16(b)(4) good cause standard required by the Tenth Circuit.

[6] *Gorsuch*, 771 F.3d at 1240; *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

[7] *Gorsuch,* 771 F.3d at 1240.

[8] *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1248–49 (10th Cir. 2015).

[9] *Pumpco, Inc.,* 204 F.R.D. at 668.

contained in Rule 15(a).[10] Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party, but focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.[11]

### III. GOOD CAUSE UNDER FED. R. CIV. P. 16(b)(4)

Defendant filed its motion on October 5, 2016, which is almost four months after the original June 10, 2016 Scheduling Order deadline for filing motions for leave to amend the pleadings. Defendant must therefore first show good cause why it could not have met the scheduling deadline despite its diligent efforts.

Defendant asserts that it discovered the facts underlying its proposed amendment of its answer only after it received the subpoenaed documents from the Omaha Auditors on September 20, 2016. Defendant explains that it originally served a subpoena upon the Omaha Auditors on May 16, 2016. It re-issued the subpoena on August 19, 2016 after the parties conferred regarding the objections to the original subpoena and the Omaha Auditors issued their July 25, 2016 audit report.

Under these circumstances, the Court concludes that despite diligent efforts by Defendant to obtain the subpoenaed documents from the Omaha Auditors, Defendant could not have met the June 10, 2016 deadline for filing a motion to amend the pleadings. The Omaha Auditors did not issue the new audit report until July 25, 2016 and, in response to the re-issued subpoena, did not produce the pertinent subpoenaed documents until September 20, 2016.

---

[10] *Id.*

[11] *Id.*

5

## IV.     AMENDMENT UNDER FED. R. CIV. P. 15(a)

The Court next considers whether to grant Defendant leave to amend its answer and counterclaim under the Fed. R. Civ. P. 15(a) standard. Under Rule 15(a), leave to amend a complaint is freely given "when justice so requires."[12] A party is typically granted leave to amend under this rule unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[13] A proposed amendment is futile if the amended complaint or answer containing a counterclaim would be subject to dismissal.[14]

### A.     Futility

Plaintiffs first argue that Defendant's proposed amended counterclaim for refund of contributions is futile because it fails to state a claim for relief. Plaintiffs briefly summarize their motion to dismiss the counterclaim for return of contributions asserted in Defendant's original answer. Plaintiffs submit that it is unclear how any of the factual allegations set forth in the proposed amended answer relate to that counterclaim and contend none of the facts pled in the counterclaim change any of Defendant's theories. At the time Plaintiffs made these futility arguments, the Court had not yet ruled upon Plaintiffs' motion to dismiss Defendant's two counterclaims. District Judge Robinson has since entered an order denying Plaintiffs' motion to

---

[12] Fed. R. Civ. P. 15(a)(2).

[13] *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

[14] *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

dismiss the refund of contributions counterclaim. Defendant's proposed amendment seeks to add numerous new factual allegations, including a new collusion theory, in support of its counterclaim for return of contributions, which has now withstood Plaintiffs' motion to dismiss. In light of this ruling, Plaintiffs' futility argument fails.

### B.     Rule 12(f)

Plaintiffs' second argument is that Defendant should not be allowed to amend because its proposed amended answer and counterclaim is subject to a motion to strike under Fed. R. Civ. P. 12(f). They argue that many of Defendant's proposed factual allegations are subject to being stricken under Rule 12(f) because they are immaterial and not relevant to any of Plaintiffs' claims or Defendant's counterclaims. According to Plaintiffs, Defendant's proposed new allegations do not reference Plaintiffs but instead discuss actions taken by an unrelated party who audited Defendant for unpaid contributions to a non-party employee benefit plan. Plaintiffs argue these allegations therefore have no relevance to the issues in this case and will only serve to confuse the issues.

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike a pleading or part of a pleading under Rule 12(f), however, are disfavored as a drastic remedy and because they may often be made as a dilatory tactic.[15]  A court should therefore "decline to strike material from a pleading unless that material has no possible relation to the

---

[15] *Salek v. Reload, Inc.*, No. 11-2585-SAC, 2012 WL 589277, at *6 (D. Kan. Feb. 22, 2012).

controversy and may prejudice the opposing party,"[16] or when the allegations in a pleading are "entirely collateral and immaterial to the underlying claims."[17] However, "[w]here there is any doubt as to whether under any circumstance an allegation may raise an issue, the motion to strike should be denied."[18]

After reviewing the challenged paragraphs in Defendant's proposed amended answer, the Court finds that the new allegations contained in those paragraphs do not fall into any category of material that may be stricken under Rule 12(f). The Court does not find the challenged paragraphs to be redundant, impertinent, or scandalous.

Nor does the Court find the challenged paragraphs to be immaterial. For purposes of ruling on a motion to strike, "immaterial" matter is defined as that which has no essential or important relationship to the claim for relief, or a statement of unnecessary particulars in connection with that which is material.[19]

The Court finds the challenged paragraphs are not "immaterial," but rather are relevant to defenses Defendant previously asserted in its original answer and to the new defenses and theories it seeks to add by this amendment. The paragraphs are also relevant to Defendant's counterclaim for return of Fund contributions. They relate directly to the accuracy and reliability of the audit

---

[16] *Sprint Nextel Corp. v. Middle Man, Inc.*, No. 12-2159-JTM, 2012 WL 4933314, at *3 (D. Kan. Oct. 16, 2012) (denying motion to strike several paragraphs of the complaint).

[17] *Geer v. Cox*, 242 F. Supp. 2d 1009, 1025 (D. Kan. 2003) (denying motion to strike allegations in complaint).

[18] *Id.* at 1026.

[19] *Rowan v. Sunflower Elec. Power Corp.*, No. 15-CV-9227-JWL-TJJ, 2015 WL 8024320, at *1 (D. Kan. Dec. 4, 2015).

upon which Plaintiffs rely as the basis for their claims. Specifically, the Court finds Defendant's proposed allegations are directly relevant to the amounts Plaintiffs are claiming that Defendant owes in unpaid fringe benefit contributions. They are also relevant to Defendant's defense that Plaintiffs are bound by the findings of the first audit performed by the Omaha Auditors. The new proposed allegations are further relevant to the accuracy or inaccuracy of the audit findings by the Omaha Auditors, the reasons why the Omaha Auditors conducted a second audit, and the independence of the Omaha Auditors. The fact the challenged paragraphs contain allegations concerning non-parties and not Plaintiffs is not persuasive, particularly since one of the non-parties in question, the Omaha Auditors, had a key role in determining the amount of unpaid contributions that Plaintiffs are seeking from Defendant. The other non-parties mentioned in Defendant's new factual allegations have some type of connection to the Omaha Auditors with respect to the audits of Defendant's payroll and business records.

    Plaintiffs also argue that Defendant's proposed paragraph 44 is based upon hearsay and is therefore subject to a motion to strike under Rule 12(f). However, hearsay is not listed as one of the grounds for striking matter from a pleading. Hearsay is further an *evidentiary* objection governed by the Federal Rules of Evidence. Defendant's proposed amended answer is a pleading and is governed by Federal Rule of Civil Procedure 8(b)(1), which requires only that a party, in responding to a pleading, "state in short and plain terms its defenses to each claim asserted against it." Defendant therefore is not precluded from amending its answer to include allegations based

upon hearsay.[20] Should Defendant seek to introduce evidence of the allegations at trial or as support for a summary judgment motion, Plaintiffs may raise their hearsay or other evidentiary objections at that time.

### C.     Prejudice

Finally, the Court considers whether granting Defendant leave to amend its answer and counterclaim at this stage of the case would unduly prejudice Plaintiffs. Under the current Amended Scheduling Order, discovery is not set to close until February 14, 2017, and the June 29, 2017 deadline for filing dispositive motions has not passed. Additionally, the court trial is over a year away.

In any event, the Court finds that any potential prejudice to Plaintiffs—if they decide to conduct additional discovery on Defendant's new factual allegations supporting its defenses and the remaining counterclaim—can be cured through additional discovery completed prior to the current February 14, 2017 fact discovery deadline.

**IT IS THEREFORE ORDERED THAT** Defendant McGill Restoration, Inc.'s Motion for Leave to File an Amended Answer and Counterclaim (ECF No. 47) is granted. **Within three (3) business days of the date of this Order**, Defendant shall electronically file its proposed First

---

[20] *See Chan v. Pan W. Corp.,* No. 2:10-CV-1317-KJD-PAL, 2011 WL 830237, at *1 (D. Nev. Mar. 4, 2011) (denying motion to strike the plaintiff's complaint and attached exhibits containing hearsay and information illegally obtained); *Bowers v. Am. Heart Ass'n., Inc.*, 513 F. Supp. 2d 1364, 1368 (N.D. Ga. 2007) (rejecting argument that proposed amendment to add a claim was futile because it relied on hearsay testimony); *Hanley v. Volpe*, 305 F. Supp. 977, 981 (E.D. Wis. 1969) (finding hearsay challenge to exhibits to complaint not ripe for decision until an offer has been made to introduce the challenged material as evidence). *See also Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 491 (C.D. Cal. 2014) (evidentiary objections to allegations are typically a non-issue at the pleading stage).

Amended Answer and Counterclaims, **except** that Claim I (for attorneys' fees, costs and expenses) shall be removed to reflect that it has been dismissed pursuant to the Court's November 23, 2016 Memorandum and Order (ECF No. 57).

IT IS SO ORDERED.

Dated December 9, 2016, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge